1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KIRAKOSIAN LAW, APC**
GREG L. KIRAKOSIAN   SBN 294580
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TEL: (213) 217-5032 / FAX: (213) 477-2355
[GREG@KIRAKOSIANLAW.COM]

Attorneys for Plaintiff, *JEREMY ARYEE*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ATHONY SODERBERG, decedent; and SHIRLY SODERBERG, an individual,<br><br>                    Plaintiff,<br><br>         vs.<br><br>LOS ANGELES POLICE DEPARTMENT, a public entity; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | **CASE NO.: 2:18-cv-3861**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1.  **VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE;**<br>2.  **VIOLATION OF CIVIL RIGHTS – WRONGFUL DEATH;**<br>3.  **VIOLATION OF CIVIL RIGHTS – SUBSTANTIVE DUE PROCESS;**<br>4.  **VIOLATION OF CIVIL RIGHTS – *DEVEREAUX CLAIM*;**<br>5.  **VIOLATION OF CIVIL RIGHTS – *MONELL CLAIM*;**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

- 1 -

**INTRODUCTION**

1.    This action arises out of Civil Rights violations, 24 U.S.C. § 1983 et seq., seeking compensatory and punitive damages against Defendants for committing unlawful acts under color of law which resulted in the officer-involved shooting wrongful death of Plaintiff Shirly Soderberg's son, Anthony Soderberg, on May 8, 2017.

2.    Defendants named herein as DOE OFFICERS 1 through 30 ("DOE OFFICERS") proximately caused DECEDENT's death and Plaintiff's injuries by firing the shots that caused the unnecessary and untimely death of DECEDENT, by integrally participating or failing to intervene in the shooting, and by engaging in other acts and/or omissions around the time of the shooting that resulted in DECEDENT's death. DOE OFFICERS are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

3.    Defendants CITY OF LOS ANGELES ("CITY") and DOES 31 - 50 also proximately caused DECEDENT's and Plaintiff's injuries and are liable under state law and under principles set forth in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

**JURISDICTION AND VENUE**

4.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

5.     At all relevant times, DECEDENT ANTHONY SODERBERG was an individual residing in the City of Los Angeles, California, in the Central District of California.

6.     Plaintiff SHIRLEY SODERBERG ("SHIRLY") is an individual residing in the City of Los Angeles, State of California and is the natural mother of DECEDENT. SHIRLEY sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. SHIRLEY seeks both survival and wrongful death damages.

7.     Defendant THE CITY OF LOS ANGELES ("CITY") is, and at all relevant times was, a governmental entity organized and existing under the laws of the State of California. At all relevant times, the LAPD is a law enforcement agency for the City of Los Angeles, responsible for the training and supervision of its police officers, including DOES 1 through 50. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Police Department ("LAPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1 through 50.

8.     Plaintiffs allege that DOES 1 through 30 were law enforcement officers ("DOE OFFICERS") acting under the color of state law. It is further alleged that DOES 1 through 30 are residence of the County of Los Angeles and were acting in the course and scope of their employment at all relevant times. DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

9.     Defendants DOES 31 - 40 are supervisory officers for the CITY who were acting under color of law within the course and scope of their duties as officers for the Los Angeles Police Department. DOES 31 - 40 were acting with the complete authority

- 3 -

and ratification of their principal, Defendant CITY.

10.  Defendants DOES 41 - 50 are managerial, supervisorial, and policymaking employees of the LAPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Los Angeles Police Department. DOES 41 - 50 were acting with the complete authority and ratification of their principal, Defendant CITY.

11.  In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants LAPD and DOES 31 - 50.

12.  In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE OFFICERS and DOES 31 - 50 were acting on the implied and actual permission and consent of the CITY.

13.  Defendant DOES 31 - 50 are sued herein because they were and are responsible for maintaining, creating, and ratifying unconstitutional practices and policies which caused Plaintiffs' injuries; and because their inaction, their failure to change policies, and failure to implement correct police procedures, policies, and adequate training of Los Angeles Police officers has manifested a reckless and callous indifference to Civil Rights violations, and which caused the constitutional injuries suffered by Plaintiffs. Defendant DOES 31 - 50 are also sued because they set in motion a series of acts by LAPD officers by his failure to implement proper training and tactics for Police officers in dealing with and interacting with residents of the City of Los Angeles. Said failures by DOES 31 - 50 caused the constitutional injuries suffered by Plaintiffs. Individual liability is sought against Defendant DOES 31 - 50 because they enforced the official policy, practice, and custom of the defendant CITY OF LOS ANGELES of condoning, approving, and ratifying constitutional violations and excessive use of force against the residents of the City of Los Angeles. DOES 31 - 50 are also sued in because they have been on notice that the training of officers has been deficient in the areas of use of force, proper police tactics, and proper police procedures

designed to preserve life. Proper police procedures and proper police tactics were not in place in the CITY OF LOS ANGELES; the training of officers had deteriorated, was defective, needed improvement; and that the failure to follow proper police tactics and the failure to provide proper training of officers was reckless and dangerous for the residents of Los Angeles. The inadequate training of police officers by Defendants CITY and DOES 31 - 50, and the failure to properly train officers amounts to reckless and deliberate indifference to the violation of Civil Rights of the residents of the City.

14.     The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendant DOES 1 through 50 are unknown to Plaintiffs at this time and therefore Plaintiff files this Civil Rights Complaint against said DOE Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this complaint when the true names and capacities of said DOE Defendants are ascertained.

15.     All Defendants who are natural persons, including DOES 1-50, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the Imperial County Sheriff's Department.

16.     Defendants DOES 1 through 50, were duly appointed police officers, Sergeants, Lieutenants, Captains, Commanders, executives and/or policymakers of the CITY OF LOS ANGELES POLICE DEPARTMENT, a department and subdivision of defendant CITY OF LOS ANGELES, and at all times mentioned herein said defendants were acting in the course and scope of their employment with defendant CITY OF LOS ANGELES which is liable under the doctrine of respondent superior pursuant to section 815.2, 820, and 820.8 of the California Government Code.

17.     Plaintiffs are informed and believes, and based upon such information and belief, allege that each Defendant and Defendants sued herein as DOES 1 through 50 are contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint.

18.     The use of the term "Defendants" or "officers" in any of the allegations of this Complaint, unless specifically set forth as otherwise, is intended to include and charge both jointly and severally, not only named Defendants, but all Defendants designated as DOES 1 through 50 as well.

19.     Plaintiffs are informed and believe and thereon allege that at all relevant times each of the Defendants and DOE Defendants, in addition to acting for himself, herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent, and permission of each and all of the Defendants.

20.     Plaintiffs further allege that the acts of each of the Defendants were fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiffs allege on information and belief that the actions, failures to act, and breaches alleged herein are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

21.     DECEDENT died as a direct and proximate result of the actions of the CITY and DOES 1 through 50. Defendants are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.     Plaintiffs repeat and re-allege each and every allegation in preceding paragraphs of this Complaint as if fully set forth herein.

23.     On May 8, 2017, around 9:00 a.m., DOE OFFICERS assigned to Foothill Division responded to a radio call in the 11300 block of Alethea Drive in Sunland.

24.     DOE OFFICERS were responding to a home invasion call. Plaintiff is informed and believes that the homeowner called the police upon seeing DECEDENT aimlessly walking in the kitchen of the home and after he asked her for food and "for some cookies."   At all relevant times, Plaintiffs are informed and believe that Defendants knew DECEDENT was a mentally ill and/or mentally disabled person with no intention to harm anyone.

25.   At approximately 2:45 p.m., DOE OFFICERS fired tear gas into the home to force DECEDENT out of the home.  When DECEDENT emerged from the home, he was crawling, struggling, gasping for air, and unarmed.

26.   Upon DECEDENT crawling out of the home, DECEDENT was unjustifiably shot by DOE OFFICERS, including DOE OFFICER from SWAT who fired from a helicopter.

27.   The shooting by DOE OFFICERS was ordered, approved, ratified, and condoned by DOES 31 through 50.

28.   *Several of the witnesses to the incident have contradicted the official version given by the LAPD.* As a result of this wrongful, intentional and/or negligent shooting, DECEDENT suffered several gun shots to his body which resulted in severe injuries which eventually caused his death.

29.   In shooting DECEDENT, Defendants violated DECEDENT's constitutional rights under the Fourth Amendment of the Constitution of the United States which guarantees the right to be free from unreasonable seizure, excessive force, and due process.

30.   Upon exiting the home, DECEDENT was unarmed, did not pose a threat to anyone, including said Defendants who shot him. Accordingly, the shooting of DECEDENT was unjustified, and this use of force was unreasonable and excessive under the circumstances in violation of the Fourth Amendment. None of the Defendant Officers sustained any injuries during their interaction with DECEDENT.

31.   The use of deadly force was excessive and objectively unreasonable under the circumstances, especially because DECEDENT did not pose an immediate threat of serious bodily injury to anyone at the time of the shooting.

32.   At the time of the shooting, a reasonable officer in the position of Defendants would not believe that DECEDENT posed an imminent threat of death or serious physical injury to anyone. Further, there were several alternative means of responding to the situation without using deadly force.

33.     Defendants unjustified shooting of DECEDENT deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment, and further deprived DECEDENT of due process as guaranteed to him under the Fourteenth Amendment to the United States Constitution. Defendants integrally participated or failed to intervene.

34.     As a result of the aforementioned excessive and unreasonable force, DECEDENT was caused loss of enjoyment of life, severe pain and suffering, and ultimately died.

35.     The shooting and use of force violated Defendants' training. Accordingly, Defendant DOE OFFICERS are liable to Plaintiff for compensatory and punitive damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983.

36.     Upon information and belief, after being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. Despite DECEDENT's physical state, Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering and was a contributing cause of DECEDENT's death.

37.     Plaintiff SHIRLY was dependent on DECEDENT, to some extent, for the necessities of life.

38.     SHIRLY is DECEDENT's successors-in-interest and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

39.     The shooting of DECEDENT was a result of the unconstitutional policies, practices and procedures in place at the City of Los Angeles Police Department regarding the use of firearms and other restraining devices against unarmed suspects. Said policies, practices and procedures were sanctioned, authorized and ratified by the Defendants CITY OF LOS ANGELES and DOES 31 through 50 and by supervising

and administrative personnel, including but not limited to Sergeants, Lieutenants, Captains, Commanders, and other supervising staff. The City of Los Angeles and DOES 31 through 50 ratify and condone the intentional and/or negligent use of force by LAPD officers. The City of Los Angeles and the Los Angeles Police Department ratifies, condones, and acquiesces in the filing of false police reports to "cover up" negligent and/or excessive use of force. The CITY OF LOS ANGELES and the Los Angeles Police Department ratifies, condones, and acquiesces, in the falsification of evidence, the "planting" of evidence to "cover up" the negligent and/or excessive use of force, false arrests, and other police misconduct. As a direct result of the death of DECEDENT, Plaintiffs have suffered the loss of earnings and services of economic value, and the loss of love, support and services of DECEDENT. Further, as a direct result of the intentional and/or negligent use of force which was used against DECEDENT, the present Plaintiffs' Fourteenth Amendment substantive due process rights to be free from unwarranted state interference in Plaintiffs' familial relationship with DECEDENT has been violated; and Defendants have intentionally interfered with the parent-child relationship between SHIRTLY and the DECEDENT which was caused by the acts and omissions of all of the Defendants in causing the death of her son, Anthony Soderberg.

40.    Plaintiff, SHIRLEY, as personal representative of the ESTATE ANTHONY SODERBERG claims damages for the conscious pain and suffering incurred by DECEDENT, as provided for under 42 U.S.C. §1983.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
## EXCESSIVE FORCE
### (*Plaintiffs against DOES 1 through 50*)

41.    Plaintiffs reallege and incorporate by reference the paragraphs and allegations contained in all the preceding paragraphs of this complaint, as though fully set forth herein.

42.     Defendant DOE OFFICERS used excessive force against DECEDENT when they shot him. DOE OFFICERS' unjustified excessive use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.     Based on the facts readily available and known to DOE OFFICERS, no reasonable conclusion could be drawn that force used was reasonable, as DECEDENT posed no immediate threat of death or seriously bodily injury at the time of the shooting. All objective facts readily available and known to DOE OFFICERS could have reasonably led the officers to conclude that Plaintiff was a threat requiring the use deadly force. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity. Further, DOE OFFICERS' actions and use of force, including shooting at DECEDENT, violated their training and standard police officer training.

44.     DOE OFFICERS, under color of law intentionally, recklessly, negligently, unlawfully, with malice, fraud, and oppression violated Plaintiff's Civil Rights and his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45.     Plaintiff further alleges that Defendants, with deliberate indifference to and reckless disregard for the safety and well-being of Plaintiff, and in violation of the Fourth and Fourteenth Amendments to the Constitution, committed or allow to be committed, acts which deprived Plaintiff of his Constitutional rights without affording him due process of law.

46.     DOE OFFICERS and DOES 31 through 50 directly participated and/or aided and abetted in wrongful shooting of Plaintiff and engaged in efforts to cover up said conduct by preparing or authorizing or approving false police reports, and/or aiding and abetting the preparation, authorization or approval of false police reports to cover

up said wrongful arrest and violation of Plaintiff's rights.

47.   SHIRLEY brings this claim as successors-in-interest to the DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Due to the conduct of Defendants, Plaintiff has suffered general damages and special damages, all in a sum to be proved at trial.  Due to the conduct of Defendants, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C.§1988.

48.   DOE OFFICERS and DOES 31 through 50 acted with a conscious disregard of Plaintiff's rights conferred upon them by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great bodily injury and death.

49.   Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said Defendants.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### WRONGFUL DEATH

### (*Plaintiffs against DOES 1 through 50*)

50.   Plaintiffs reallege and incorporate by reference the paragraphs and allegations contained in all the preceding paragraphs of this complaint, as though fully set forth herein.

51.   Defendant DOE OFFICERS used excessive force against DECEDENT when they shot him. DOE OFFICERS' unjustified excessive use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United

States Constitution and applied to state actors by the Fourteenth Amendment.

52.     Based on the facts readily available and known to DOE OFFICERS, no reasonable conclusion could be drawn that force used was reasonable, as DECEDENT posed no immediate threat of death or seriously bodily injury at the time of the shooting. All objective facts readily available and known to DOE OFFICERS could have reasonably led the officers to conclude that Plaintiff was a threat requiring the use deadly force. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity. Further, DOE OFFICERS' actions and use of force, including shooting at DECEDENT, violated their training and standard police officer training.

53.     DOE OFFICERS, under color of law intentionally, recklessly, negligently, unlawfully, with malice, fraud, and oppression violated Plaintiff's Civil Rights and his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

54.     Plaintiff further alleges that Defendants, with deliberate indifference to and reckless disregard for the safety and well-being of Plaintiff, and in violation of the Fourth and Fourteenth Amendments to the Constitution, committed or allow to be committed, acts which deprived Plaintiff of his Constitutional rights without affording him due process of law.

55.     DOE OFFICERS and DOES 31 through 50 directly participated and/or aided and abetted in wrongful shooting of Plaintiff and engaged in efforts to cover up said conduct by preparing or authorizing or approving false police reports, and/or aiding and abetting the preparation, authorization or approval of false police reports to cover up said wrongful arrest and violation of Plaintiff's rights.

56.     SHIRLEY brings this claim as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Due to the conduct of Defendants, Plaintiff has suffered general damages and

special damages, all in a sum to be proved at trial.  Due to the conduct of Defendants, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C.§1988.

57.   DOE OFFICERS and DOES 31 through 50 acted with a conscious disregard of Plaintiff's rights conferred upon them by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great bodily injury and death.

58.   Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said Defendants.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

## SUBSTANTIVE DUE PROCESS

### (*Plaintiffs against DOES 1 through 50*)

59.   Plaintiffs reallege and incorporate by reference the paragraphs and allegations contained in all the preceding paragraphs of this complaint, as though fully set forth herein.

60.   Plaintiff SHIRLEY had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

61.   DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in a manner to shock the conscience.

62.    The aforementioned actions of DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

63.    As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. DOE OFFICERS thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with their familial relationship with DECEDENT

64.    As a direct and proximate cause of the acts of DOE OFFICERS, Plaintiff and DECEDENT suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

65.    The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

66.    SHIRLEY bring this claim individually and as a successors-in-interest to the DECEDENT and seek both survival and wrongful damages. Plaintiffs also seek attorneys' fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

***DEVEREAUX* CLAIM**

**(*Plaintiffs against DOES 1 through 50*)**

67.    Plaintiffs reallege and incorporate by reference the paragraphs and allegations contained in all the preceding paragraphs of this complaint, as though fully set forth herein.

68.    At all times material to this Complaint, Defendants (collectively

"Defendants"), were acting under color of the law in violating Plaintiff's constitutional rights as herein under the First, Fourth and Fourteenth Amendments to the Constitution of the United States. The First, Fourth and Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C §1983.

69.     Defendants deprived Plaintiff of rights, privileges, and immunities secured to him by the First, Fourth and Fourteenth Amendments to the United States Constitution by, *inter alia*, subjecting Plaintiff to an unlawful search and seizure, arresting and/or causing Plaintiff to be arrested without probable cause, conspiring to deprive Plaintiff of his constitutionally protected rights, submitting reports with material omissions, providing falsehoods to secure an arrest and prosecution of Plaintiff.

70.     Defendants directly participated and/or aided and abetted in the wrongful arrest of Plaintiff and engaged in efforts to cover up said conduct by providing false testimony, preparing or authorizing or approving false police reports, and/or aiding and abetting the preparation, authorization, or approval of false police reports to maliciously prosecute Plaintiff.

71.     Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

72.     Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing him injury and arresting him without probable cause. Defendants, and each of them, had an interest in seeing Plaintiff charged with criminal conduct to detract from Defendants unlawful arrest of Plaintiff and use of excessive force.

73.     Said conduct of Defendants constitutes malice, oppression and/or fraud,

1   entitling Plaintiff to punitive damages against individual Defendants in an amount
2   suitable to punish and set an example of said Defendants.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### *MONNEL* CLAIM
### (Plaintiff against all Defendants)

7   74.     Plaintiffs reallege and incorporate by reference the paragraphs and
8   allegations contained in all the preceding paragraphs of this complaint, as though fully
9   set forth herein.

10   75.     At all relevant times, DOES 1 through 50 acted under color of law. The
11   acts of DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under
12   the United States Constitution.

13   76.     Upon information and belief, DOES 31 - 50 were final policymaker, acting
14   under color of law, who had final policymaking authority concerning the acts of DOES
15   1 through 50, ratified DOES 1 through 50 acts and the bases for them. Upon information
16   and belief, the final policymaker knew of and specifically approved of DOES 1 through
17   50's acts.

18   77.     Upon information and belief, a final policymaker has determined that the
19   acts of DOES 1 through 50 were "within policy."

20   78.     By reason of the aforementioned acts and omissions, Plaintiffs have
21   suffered loss of the love, companionship, affection, comfort, care, society, training,
22   guidance, and past and future support of DECEDENT. The aforementioned acts and
23   omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and
24   death.

25   79.     Accordingly, Defendants CITY and DOES 1 through 50 each are liable to
26   Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

27   80.     Plaintiff SHIRLY bring this claim as a successors-in-interest to
28   DECEDENT, and seek both survival and wrongful death damages under this claim.

Plaintiffs also seek attorney's fees under this claim.

81.   The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

82.   Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

83.   The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by DOES 1 through 50; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

84.   On information and belief, CITY failed to train DOES 1 through 50 properly and adequately.

85.   By reason of the aforementioned acts and omissions, Plaintiff have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

86.   Accordingly, Defendants the CITY and DOES 1 through 50 are each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

87.   Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorney fees under this claim.

88.   Defendants DOES 1 through 50 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

89.   On information and belief, DOES 1 through 50 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

90.   DOES 1 through 50, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices,

and policies:

(a) Using excessive force, including excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Employing and retaining as police officers individuals such as DOES 1 through 50, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including DOES 1 through 50, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, DOES 1 through 50;

(f) Failing to adequately discipline CITY police officers, including DOES 1 through 50, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unjustified shootings.

91.    By reason of the aforementioned acts and omissions, Plaintiffs have

suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

92.     Defendants CITY and DOES 1 through 50, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

93.     By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, DOES 1 through 50 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 1 through 50 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

94.     Accordingly, Defendants CITY and DOES 1 through 50 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

95.     Plaintiffs bring this claim individually and as a successors-in-interest to DECEDENT and seek both survival and wrongful death damages under this claim. Plaintiff also seeks attorneys' fees under this claim.

/ / /

1

## **PRAYER FOR RELIEF**

2

**WHEREFORE**, Plaintiffs prays for judgment as follows:

3
   1.    For general damages in an amount to be determined by proof at trial;

4
   2.    For special damages in an amount to be determined by proof at trial;

5
   3.    For punitive and exemplary damages against Does 1 through 50;

6
   4.    For costs of suit;

7
   5.    For reasonable attorneys' fees and costs as provided by statute; and

8
   6.    For such other and further relief as the Court deems just and proper.

9

10

## **DEMAND FOR JURY TRIAL**

11

Plaintiffs hereby demands a jury trial.

12

13
DATED:  May 6, 2018                                    **KIRAKOSIAN LAW, APC**

14

15
                                              By:  _/s/ *GREG L. KIRAKOSIAN*_

16
                                                   GREG L. KIRAKOSIAN
                                                   Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28